United States District Court
Southern District of Texas
**ENTERED**
June 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YAX ECOMMERCE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 24-809 |
| | § | |
| PROFICIENT SUPPLY LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

**I.    Background**

Yax Ecommerce LLC provides its customers with software and physical inventory space to help them maintain and expand their online businesses. In June 2023, Yax entered into an Asset Purchasing Agreement with Proficient Supply LLC. In the Agreement, Yax agreed to purchase: (i) a subset of Proficient's tangible assets located in Hickory, North Carolina, (ii) the assignment of a leasehold interest covering warehouse facilities in Hickory, and (iii) intangible assets (including Proficient's proprietary software products). (Docket Entry No. 3 at 4; Docket Entry No. 4 at 2).  The Agreement also contained a "Dispute Resolution" clause including both a mandatory arbitration clause and a forum selection clause. The forum selection clause contains a choice of law clause stating that any potential arbitration "shall be governed by the laws of the State of Texas." (Docket Entry No. 4-2 at 38).

In March 2024, Yax sued Proficient, alleging two causes of action. First, Yax alleged that Proficient materially breached the Agreement by (i) denying Yax access to the Hickory Warehouse beginning on January 3, 2024, and (ii) failing to provide Yax with the proprietary software it had

purchased. (Docket Entry No. 1 at 5–6). Second, Yax alleged that Proficient made fraudulent representations about the existence of the proprietary software. Yax claims that such software "never existed," and that Proficient made false representations about the software to increase the Agreement price. (Docket Entry No. 3 at 8).

In April 2024, Yax filed an amended complaint, adding the allegation that Proficient is liable for conversion because it unlawfully assumed and exercised control over property in the Hickory Warehouse. This property included items directly owned by Yax and products owned by Yax's customers that were "earmarked for inventory in . . . Amazon stores, as per the terms of Service Agreements between Yax and its customers." (*Id.* at ¶ 11).

On April 30, 2024, Proficient moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), (2), (3), and (6). (Docket Entry No. 4). Proficient's motion to dismiss is granted because, for the reasons set out below, the court lacks personal jurisdiction over Proficient. (*Id.*).

**II.     Analysis**

    **A.     Personal Jurisdiction**

A federal court may exercise general personal jurisdiction over a corporate defendant if its "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citation and internal quotation marks omitted); *see also Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Proficient is not "essentially at home" in Texas. Proficient was originally incorporated in Wyoming, but reincorporated in North Carolina in April 2023, with its principal place of business in North Carolina. (Docket Entry No. 4-1 at ¶ 3). Proficient maintains no employees in Texas, has

never owned or leased real property in Texas, and has never possessed assets in Texas. (Docket No. 4-1 at ¶¶ 4, 6). The court may not exercise general personal jurisdiction over Proficient.

Proficient also lacks sufficient "minimum contacts" with Texas for the court to have specific personal jurisdiction. While certain negotiations might have occurred when Yax representatives were physically located in Texas, Proficient representatives never traveled to Texas during the negotiations. (Docket Entry No. 4 at ¶ 5). The Agreement was not signed in Texas, and nothing in the Agreement necessitates contractual performance in Texas. (Docket Entry No. 4-1 at ¶ 6; Docket Entry No. 4-2).

The Fifth Circuit has also declined to exercise specific personal jurisdiction over corporations that maintained substantially greater contacts with Texas during the course of contract negotiations than Proficient did in this case. *See, e.g.*, *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 787–88 (5th Cir. 1986) (holding that there was no specific jurisdiction in Texas over a non-resident corporation that (i) entered into a contract with a Texas corporation, (ii) sent a final contract agreement from Oklahoma to Texas, (iii) sent three checks from Oklahoma to Texas in partial performance of its contractual obligations, and (iv) engaged in extensive telephonic and written communication with the corporation in Texas); *see also Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985) (holding that there was no claim-specific jurisdiction because the material performance under the contract was performed in Mexico).

Finally, there is no evidentiary basis for Yax's contention that its alleged injuries were either "caused" or "felt" in Texas. Even if allegedly false representations were made during contract negotiations when Yax representatives were in Texas, the contract was not signed when either party was located in the forum state. (Docket No. 4-1 at ¶ 6). Further, the record suggests that the focal point of harm suffered by Yax was either in North Carolina, where the Hickory

Warehouse is located, or in Wyoming, where Yax's principal place of business is located. (Docket No. 3 at ¶ 1).

The court lacks specific personal jurisdiction over Proficient.

### B.  The Forum Selection Clause

Yax argues that even if Proficient otherwise lacks minimum contacts with Texas, the court may still exercise specific personal jurisdiction over Proficient because of the Agreement's forum selection clause. The forum selection clause states that any "*arbitration* shall be governed by the laws of the State of Texas." (Docket Entry No. 4-2 at 38 (emphasis added)).

"[W]hen a party agrees to arbitrate in a particular state, via explicit or implicit consent, the district courts of the agreed-upon state may exercise personal jurisdiction over the parties *for the limited purpose of compelling arbitration*." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016) (emphasis added). A forum selection clause that specifies the jurisdiction and venue for litigation relating to enforcing an arbitration clause does not, itself, constitute consent to the personal jurisdiction of Texas courts for all issues and purposes. *Id*.

### III.  Conclusion

The motion to dismiss is granted. (Docket Entry No. 4). The case is dismissed, without prejudice, for lack of personal jurisdiction over Proficient.

SIGNED on June 7, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge